### SHIRLEY B. SULLIVAN v. MARTHA JOHNSON.

(Filed 2 November, 1966.)

**Mortgages and Deeds of Trust § 39; Pleadings § 12— Ordinarily, a cause of action may not be dismissed before plaintiff has filed complaint.**

The land in question was foreclosed under the first deed of trust and purchased by defendant, the *cestui* in the second deed of trust, the sale resulting in a surplus above the amount of the indebtedness secured by the first deed of trust. Plaintiff, the owner of the equity of redemption, instituted action by service of summons and filed motion and affidavit for adverse examination of the defendant, seeking to have the second deed of trust declared null and void. The cause came on to be heard upon defendant's motion to vacate the order for adverse examination and petition for determination of the rights in the excess funds in the hands of the clerk, G.S. 45-21.31. Upon the hearing of defendant's petition and motion the court dismissed plaintiff's action before the adverse examination had been taken and before plaintiff had filed a complaint. *Held:* The dismissal of the action was premature.

APPEAL by plaintiff from *Bundy, J.,* March 1966 Civil Session of LENOIR.

On 26 September 1959 plaintiff and her husband, Alfred H. Sullivan, executed a deed of trust on a certain lot which they owned as tenants by the entirety in the city of Kinston, to the Mutual Savings and Loan Association of Kinston, to secure an indebtedness in the sum of $15,000.00. The deed of trust was duly recorded in Book 480, page 198, of Lenoir County Public Registry on 30th day of September 1959. Pursuant to a separation agreement entered into between them, the plaintiff conveyed to Alfred H. Sullivan all her interest in said lot. Sullivan then executed a second deed of trust securing a note in the amount of $3,500 to the defendant, Martha Johnson, which deed of trust was filed in Lenoir County Public Registry in Book 518, page 318, on November 14, 1962.

In April 1965, upon Sullivan obtaining an absolute divorce from plaintiff, a consent order was executed providing, in part, that Sullivan would convey said lot to plaintiff subject to the above two encumbrances. Subsequently, pursuant to the terms of the consent order, Sullivan executed deed to plaintiff.

Thereafter, plaintiff's attorney was appointed substitute trustee under the first deed of trust and commenced foreclosure proceedings. Defendant became the last and highest bidder at the sale. Plaintiff raised the bid and upon resale defendant again became the high bidder, and in due time paid the purchase price to the substitute trustee. From these funds the substitute trustee satisfied the note secured by the first deed of trust, and there remained in his hands the sum of $2,752.29.

On the date of the last resale, plaintiff commenced this action by the issuance of summons, and obtained order extending time to file her complaint. She also on the same date filed motion and affidavit to adversely examine the defendant, stating in her affidavit that the action sought to have a deed of trust upon certain lands owned by the plaintiff declared null and void. The motion was allowed by order of the Clerk of Superior Court dated July 26, 1965. On August 3 defendant filed a motion to vacate the order for adverse examination, and on August 4 the time for such examination was extended by order of the Clerk of Superior Court to an undetermined date upon motion of the defendant.

Before the adverse examination and before plaintiff had filed her complaint, the defendant petitioned the clerk under the provisions of G.S. 45-21.31 for a determination of the excess funds which had been paid into the clerk's hands by the substitute trustee.

At the March 1966 Session of Lenoir County Superior Court Judge Bundy entered judgment dismissing the plaintiff's cause of action.

From the above judgment the plaintiff appeals.

*Turner and Harrison for plaintiff-appellant.*
*George B. Greene for defendant, appellee.*

PER CURIAM. Plaintiff's issuance of summons, affidavit and motion to adversely examine the defendant indicate that her cause of action, if any, related to the validity of the second deed of trust. From the record it appears that there was before the judge a motion to vacate the order for adverse examination and a petition under G.S. 45-21.31 to determine rights to funds held by the Clerk resulting from the sale under the first mortgage. The record does not disclose a motion to dismiss the action. The plaintiff had not filed her complaint and the plaintiff's principal action was not before the court. Ordinarily a cause of action should not be dismissed before it is stated. When the complaint is filed, its sufficiency may then be tested. The dismissal of the action by the court below was premature and the judgment is

Reversed.